■ In the Matter of 880 FIFTH AVENUE CORPORATION, Respondent, v. TAX COMMISSION OF THE CITY OF NEW YORK et al., Appellants.— Order, entered on or about January 29, 1962, reducing assessments for the tax years 1958-59, 1959-60 and 1960-61, unanimously reversed, with $20 costs and disbursements to appellants, and assessments confirmed. The property located at 880 Fifth Avenue is improved by an apartment house, co-operatively owned. Both experts used a capitalization method based on estimated return and expenses assuming the building was run as a conventional commercial enterprise. On this basis petitioner was able to maintain its claim by adopting an unrealistic vacancy allowance, and by projecting expenses unsupported by independent testimony. The vacancy allowance exceeds the experience of the building and is contrary to the proof of general conditions in similar buildings. The estimate of expenses, mostly for private painting, is not supported and would appear to be excessive. Correcting these items it appears that the property would show a return sufficient to warrant the assessments. Furthermore, on the basis of comparative sales the land value is not excessive. Petitioner did not attempt to show that at current prices less depreciation the cost of the building would not equal the assessment. Settle order on notice. Concur — Breitel, J. P., McNally, Stevens, Steuer and Bastow, JJ.

■ MARIANNE C. ELRICK, Respondent, v. EARLE M. ELRICK, Appellant.— Order, entered on January 3, 1964, denying defendant's motion for summary judgment dismissing the first cause of action of the amended complaint, unanimously reversed on the law, with $20 costs and disbursements to appellant, and the motion granted, with $10 costs. The first cause of action of the amended complaint seeks an annulment of the marriage of the parties on the ground that defendant has another wife, who is still alive, and that the divorce decree obtained by defendant's first wife in the Virgin Islands in April, 1952 is void. The second cause of action, not involved herein, asks for a decree of divorce. In denying defendant's motion for summary judgment, Special Term correctly recognized the rule that the prior divorce decree was not subject to collateral attack in this action if the law of the Virgin Islands did not permit such collateral attack. However, Special Term found that a "sharp question of law" had been raised as to whether the divorce decree is subject to collateral attack in the Virgin Islands. In *Klarish* v. *Klarish* (19 A D 2d 170) we held that where the parties to the prior action in the Virgin Islands were before the court personally or by an attorney, the findings of the court in the Virgin Islands were not subject to collateral attack in our courts. The Court of Appeals affirmed, without opinion (*Klarish* v. *Klarish*, 14 N Y 2d 662). Implicit in our decision in *Klarish* is the conclusion that collateral attack is not permitted in the Virgin Islands. That the present record contains opinions by counsel, practicing in the Virgin Islands, expressing contrary conclusions as to the law of the Virgin Islands, in no way diminishes the force of our determination in *Klarish*, particularly since the opinions cite no controlling Virgin Islands' statute or decision. Since no triable issue was presented, defendant was entitled to summary judgment dismissing the annulment cause of action. Settle order on notice. Concur — Botein, P. J., Valente, Stevens, Steuer and Staley, JJ.